**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

V.                                                              **CRIMINAL NO. 4:09CR36**

CHRISTOPHER YORK

## ORDER

This cause comes before the court on the government's appeal [27] of the decision to

grant bond to defendant, Christopher York.

York is charged with two counts of distributing a substance containing cocaine base.  The

indictment against York indicates he distributed 118.4 grams of cocaine base.  On May 12, 2009,

York was arrested.  Eight days later Magistrate Judge Sanders conducted a detention hearing to

determine whether the defendant could rebut the presumption of detention under 18 U.S.C. §

3142.

The hearing revealed a suspicion that York has been responsible for the distribution of

more than five kilograms of cocaine base within the Northern District of Mississippi during the

last six months and that York owned a MAC 11 rifle.[1]  The government further alleged York had

a history of threatening law enforcement officers.  Finally, the government presented evidence

that York had two contempt of court violations for failures to appear.

York then presented evidence of his ties in the Greenville community.  He and his brother

testified that he had lived his entire life in Greenville where he currently resides with his mother

and works with his father.  York denied distributing more than five kilograms of cocaine in the

---

[1] The testimony at the hearing repeatedly refers to the weapon as a MAC 11.  The government's brief refers to the more common MAC 10.  The court finds the model differences in baffles and muzzle velocities irrelevant to the detention decision.

last six months and he pointed out that the government had not charged him for this conduct. He

further argued the only evidence regarding the five kilograms was the hearsay testimony of a

police officer. York also established that he did not have a prior history of felony convictions; he

had never made a death threat against anyone; and that he did not have a history of threatening

law enforcement officers. He explained that the threat brought out by the government was not

actually made by him, but was made by his friend who had borrowed his phone. York argues, as

a defense, that the threat was not in reference to a law enforcement function, but rather involved

a romantic competition with an officer over a lady's attentions.

At the conclusion of the hearing Judge Sanders set York's bond at $20,000 secured by ten

percent cash or approved property. Judge Sanders then granted the oral motion of the

government to remand York to custody pending appeal.

The government filed this appeal asking this court to reverse because York failed to rebut

the presumption of detention under the circumstances presented. The court has listened to the

digitally recorded detention hearing and now rules.

A district court reviews a magistrate's pretrial detention order *de novo* making "an

independent determination of the proper pretrial detention or conditions for release." *United

States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d

243, 249 (5th Cir. 1985)).

"Under the Bail Reform Act, the existence of probable cause to believe that the defendant

committed a crime in violation of 21 U.S.C. § 801, *et seq.*, creates a rebuttable presumption that

no conditions of release exist that would reasonably assure the appearance of the person as

required and the safety of the community." *Id*. at 586 (citing 18 U.S.C. § 3142(e)). The Fifth

Circuit has held that "when the defendant has presented considerable evidence of his

longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted." *Id*. (citing *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988)). However, "the risk of continued narcotics trafficking on bail does constitute a risk to the community." *Id*. (citing *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989)). The government need not show both risk of flight and risk to the community; either is enough for pretrial detention. *Id*. (citing *Hare*, 873 F.2d at 799; *Fortna*, 769 F.2d at 249).

"The rebuttable presumption of § 3142(e) shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the presumption." *Id*. (citing *Hare*, 873 F.2d at 798). "[T]he court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society" even after rebutting evidence has been presented. *Id*. (citing *Hare*, 873 F.2d at 798-99).

Section 3142(g) lists factors considered in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These include the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug; the weight of the evidence against the person; the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

York has ties to the community having lived his entire life in Greenville, mostly with his parents. He is employed locally. The government established that York has twice failed to

appear in court in the past, raising the possibility he might once again fail to comply with the court's scheduling. Testimony indicated that York had no means to flee even if he so desired. However, there is probable cause to believe York is distributing large amounts of cocaine. While York may not have assets from legitimate work, the court finds he likely has access to drug proceeds in amounts sufficient to finance his fleeing. Though the risk of flight standing alone does not require pretrial detention, it does add weight to other factors counseling detention.

The court finds York poses a danger to the community. Though York does not have a prior criminal conviction for selling drugs, he is charged with selling a significant amount of cocaine base and there is testimony from a police officer that he is actually engaged in an even larger drug trade. Congress has found those engaged in the drug trade pose a special risk to the community by continued trafficking in narcotics. The court finds York is likely to continue to traffic in narcotics, thereby making him a danger to his community.

York's possession of a submachine gun supports the contention that he is a threat to law enforcement officers. There is probable cause to believe York is a drug trafficker equipped with tools to carry out violent acts. No set of release conditions can protect the public from York while this case is pending. As a danger to the community York is remanded to custody while awaiting trial.

The judgment of the Magistrate Judge is REVERSED AND RENDERED.

This the 22nd day of June, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**